IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON, ILLINOIS

| | | |
|---|---|---|
| JAMES OSBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-CV-194 |
| vs. | ) | |
| | ) | |
| FRANKLIN WELL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

### I. PARTIES

NOW COMES the Plaintiff, JAMES OSBORN, by and through DANIEL C. JONES of TAPELLA & EBERSPACHER LLC, his attorneys, and for his Complaint against the Defendant, FRANKLIN WELL SERVICES, INC., states as follows:

1. Plaintiff, JAMES OSBORN, resides in Van Nuys, California, and is a citizen of California and the United States of America.

2. Defendant, FRANKLIN WELL SERVICES, INC., is a corporation duly organized under the laws of the State of Illinois, with its office and principal place of business located in Vincennes, Indiana.

3. At all times relevant to the issues raised in this Complaint, Defendant operated as a Corporation engaged in the business of providing oil field services in Illinois, Indiana, and Kentucky, including a facility located in Lawrenceville, Lawrence County, Illinois.

## II. JURISDICTION

4. The jurisdiction of this Court is predicated upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

5. The matter in controversy exclusive of interest and cost, exceeds the sum specified by 28 U.S.C. §1332, Seventy-Five Thousand Dollars ($75,000.00).

## III. VENUE

6. Pursuant to 28 U.S.C. §1391(b), venue for this action is proper in the United States District Court for the Southern District of Illinois, in that Defendant does business in Lawrence County, Illinois, and the acts or omissions giving rise to this claim occurred in Lawrence County, Illinois.

## IV. COUNT I

7. At all relevant times prior to May 29, 2015, Plaintiff was an employee of Defendant, working in its Lawrenceville, Lawrence County, Illinois, facility.

8. On or about October 1, 2012, during the course and scope of his employment, Plaintiff suffered injury to his right arm, and such injury was attributed to a work injury. Plaintiff subsequently had surgery on his elbow to treat such work injury.

9. Plaintiff subsequently filed a workers' compensation claim against the Defendant with the Illinois Workers' Compensation Commission on December 31, 2013, in Illinois Workers' Compensation Commission Case Number 13-WC-42653.

10. Plaintiff returned to work following his initial surgery on December 20, 2013, and was returned to full work duty in March of 2014.

11. On or about June 23, 2014, Plaintiff suffered fractures to his third and fourth digits of his right hand as a result of a work injury, and such injury was reported to Defendant; and Plaintiff began to receive medical treatment for such injury.

12. On or about July 14, 2014, Plaintiff was placed back on light duty work restrictions as a result of continuing pain in his right arm and hand, and Defendant continued Plaintiff on light duty. Plaintiff filed a second workers' compensation claim against the Defendant on January 20, 2015, in Illinois Workers' Compensation Commission Cause Number 15-WC-001648.

13. On November 24, 2014, Plaintiff's treating physician, Dr. Fenwick, recommended that Plaintiff undergo a PRP injection.

14. Defendant initially refused to approve the proposed PRP injection, and refused to accommodate Plaintiff's physical condition that was related to a work injury. Although the injection was eventually approved by the Defendant, the injection was not administered by Dr. Fenwick until January 8, 2015, and Defendant refused to provide payment to Dr. Fenwick for such injection for some time, even though it had approved the injection.

15. On or about January 15, 2015, Plaintiff was informed by Defendant that he was required to apply for leave pursuant to the terms of the Family Medical Leave Act ("FMLA"). Based on the representation that he was required to apply for such leave, Plaintiff then agreed that the Defendant could place him on FMLA leave.

16. Plaintiff was further informed by the Defendant that he must have a doctor's full release before he would be allowed to come back to work.

17. The terms of the aforesaid Family Medical Leave Act require an employer to give an employee who applies for proper benefits up to 12 weeks of leave from work.

18. After receiving the aforesaid injection, Plaintiff continued to need treatment, and on February 13, 2015, Dr. Fenwick informed Plaintiff that the PRP injection had failed, and that the only option left for plaintiff was surgery, a full extensor mechanism release of the lateral epicondyle.

19. During Plaintiff's course of treatment, the Defendant had retained Dr. Mitchell Rotman, a surgeon in St. Louis, Missouri, to perform an examination of the Plaintiff pursuant to Section 12 of the Illinois Workers' Compensation Act. Plaintiff requested Dr. Rotman to perform the surgery.

20. Plaintiff went through Defendant's Nurse Case Manager, Linda Thurman, to obtain approval to have Dr. Rotman perform the surgery.

21. There was further delay in getting approval to see Dr. Rotman, and an appointment with Dr. Rotman could not be arranged until March 12, 2015, by which time 8 weeks of Plaintiffs' FMLA leave time had elapsed. Due to the doctor's schedule and Plaintiff's physical condition, surgery could not be performed on Plaintiff's elbow by Dr. Rotman until April 1, 2015, and by that time another 3 weeks of such FMLA leave time elapsed.

22. Following the surgery, Plaintiff began a course of physical therapy.

23. On or about May 22, 2015, Plaintiff was called before a meeting of 3 members of Defendant's Human Resources Department. At that time, Plaintiff had only been in therapy for approximately two weeks. When Defendant's representatives asked him if he could perform his work duties, Plaintiff stated that, at the moment he could not, but was hopeful that he would be able to following the completion of his course of physical therapy.

24. On May 29, 2015, Plaintiff's employment with Defendant was terminated, and Plaintiff was told that he was being terminated because his FMLA leave had ran out.

25. Plaintiff reached Maximum Medical Improvement, and was given a final release to return to work by Dr. Rotman on June 23, 2015.

26. Prior to his work injuries, Plaintiff had performed all of the terms, conditions, and requirements of his job in a satisfactory manner.

27. Section 4(h) of the Illinois Workers' Compensation Act provides, "It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him by this Act." 820 ILCS 305/4(h).

28. Defendant's actions in failing to approve the aforesaid PRP injection for approximately 6 weeks after it had been recommended by his treating physician, failing to approve and arrange an appointment with Dr. Rotman for 1 month after it had been recommended by Plaintiff's treating physician, and allowing a further 3 week delay before the surgery could be performed served to unnecessarily delay Plaintiff's aforesaid medical treatment, and therefore made it impossible for Plaintiff to reach Maximum Medical Improvement and return to work within 12 weeks of being placed on FMLA leave.

29. Defendant's termination of the Plaintiff was in retaliation for the Plaintiff having filed workers' compensation claims, and was in violation of the clearly mandated public policy of the State of Illinois set forth in Section 4(h) of the Illinois Workers' Compensation Act.

30. As a direct and proximate result of the Defendant's retaliatory discharge of the Plaintiff, Plaintiff has suffered damages, including, but without limitation, lost income, benefits, emotional distress, and damage to his reputation.

WHEREFORE, Plaintiff, JAMES OSBORN, requests this Court for an Order which enters judgment in his favor and against the Defendant, FRANKLIN WELL SERVICES, INC., in an amount in excess of $75,000.00, and for such other, further, and different relief as may be equitable and just in the circumstances.

**V. COUNT II**

NOW COMES the Plaintiff, JAMES OSBORN, by and through DANIEL C. JONES, of TAPELLA & EBERSPACHER LLC, his attorneys, and for Count II of his Complaint against the Defendant, FRANKLIN WELL SERVICES, INC., states as follows:

31-60. Plaintiff repeats and realleges Paragraphs 1-30 of this Complaint as and for paragraphs 31-60 of this Count II of his Complaint against Defendant, as if such paragraphs were set forth fully verbatim herein.

61. The conduct of Defendant as described herein was outrageous and done with reckless indifference to the rights of Plaintiff therefore, entitling Plaintiff to recover punitive damages in such sum as will serve to punish Defendant, to date Defendant and others from similar conduct in the future.

WHEREFORE, Plaintiff, JAMES OSBORN, requests this Court to enter judgment in favor of Plaintiff and against Defendant, FRANKLIN WELL SERVICES, INC., in an amount of punitive damages exceeding $75,000.00 that will deter Defendant and other similarly situated employers from engaging in similar activities in the future, and for such other, further, and different relief as may be equitable and just in the circumstances.

DATED this ____ day of January, 2017.

Respectfully Submitted,

JAMES OSBORN, Plaintiff.

s/ Daniel C. Jones______________
DANIEL C. JONES Bar Number: 06216310
Attorney for Plaintiff
Tapella & Eberspacher LLC,
P.O. Box 627
Mattoon, IL 61938-0627
T: (217) 639-7800
F: (217) 639-7810

**JURY DEMAND**

Plaintiff, JAMES OSBORN, by DANIEL C. JONES, of TAPELLA & EBERSPACHER LLC, his attorneys, demands a trial by a jury of twelve persons as to all Counts of this Complaint.

JAMES OSBORN, Plaintiff.

s/ Daniel C. Jones______________
DANIEL C. JONES Bar Number: 06216310
Attorney for Plaintiff
Tapella & Eberspacher LLC,
P.O. Box 627
Mattoon, IL 61938-0627
T: (217) 639-7800
F: (217) 639-7810
ag 11.28.16 #4-5390.0000